UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


John McQueen,                                              Case No. 1:15-cv-1071

                    Plaintiff

          v.                                              OPINION AND ORDER

Henry G. Heinzman, et al.,

                    Defendants


        Plaintiff *pro se* John McQueen brings this *in forma pauperis* action against Henry G. Heinzmann and Mark Davis.   McQeen alleges he sought medical treatment from Heinzmann, and told Heinzmann that his staff was racist.   He further alleges Heinzmann told him to go elsewhere for treatment, and apparently referred him to Davis.   Plaintiff thereafter received a prescription for Viagra from Davis, who allegedly told him that "the people at Center Street did not like to treat blacks."   Complaint, p.2.   Davis subsequently refused to have McQueen as a patient.   The Complaint, citing 42 U.S.C. § 1983, asserts violation McQueen's rights under the Eighth and Fourteenth Amendments.   Plaintiff also cites 15 U.S.C. §§ 1651 and 1691.   He seeks $5 million in damages.


        Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to

state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1]  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).  A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true.  *Twombly*, 550 U.S. at 555.  The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the- defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678 (2009).  A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard.  *Id.*

In *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), the Supreme Court stated that "the initial inquiry [in a section 1983 action] must focus on whether the two essential elements ... are present: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States."  Plaintiff does not meet the threshold requirement in *Parratt,* as the Complaint does not set forth allegations indicating Defendants acted under color of state law.  Further, Plaintiff does not indicate how the other two statutes he cites, which concern timely settlement of credit card

---

[1]  An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *Chase Manhattan Mortg. Corp. v. Smith,* 507 F.3d 910, 915 (6th Cir. 2007); *Gibson v. R.G. Smith Co.,* 915 F.2d 260, 261 (6th Cir. 1990); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986).

claims against a decedent's estate (15 U.S.C. § 1651), and prohibition of discrimination in the extension of credit (15 U.S.C. § 1691), relate to any potential claim he may have.

In sum, even construing the Complaint liberally, *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008), it does not contain sufficient allegations reasonably suggesting Plaintiff might have a valid federal claim against these Defendants.   *See*, *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716 (6th Cir. 1996) (court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief).

Accordingly, Plaintiff's request to proceed *in forma pauperis* is granted, and this action is dismissed under section 1915(e).   I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So ordered.

s/ Jeffrey J. Helmick
United States District Judge

3